TAYLOR, Presiding Judge
(dissenting).
I dissent from the majority’s rendering a judgment for the defendant in this case and I disagree with the majority’s conclusion that the appellant was not in “custody” when he assaulted the police officer.
The majority, in reaching its decision, relies totally on Ex parte McReynolds, 662 *775 So.2d 886 (Ala.1994). I believe that McRey-nolds is distinguishable from the present ease for several reasons. First, in McRey-nolds, the defendant was convicted of escape in the first degree. In this case, the defendant was convicted of escape in the third degree. The drafters of the Commentary to § 13A-10-33, Code of Alabama 1975, which defines escape in the third degree, stated the following:
“[Section § 13A-10-33] is addressed to any person who escapes from custody. ‘Escape’ is used in its ordinary accepted meaning and connotes an unauthorized voluntary departure from, or substantial severance of ‘custody.’ ‘Custody1 includes any detention pursuant to a lawful arrest or court order. Section 13A-10-33 is applicable to all escapes.”
It is clear from the commentary to § 13A-10-33 that custody has a different meaning when applied to escape in the third degree than when applied to escape in the first degree.
Second, the facts in this case are distinguishable from those in McReynolds. In McReynolds, the defendant was never told that he was under arrest and no overt act was done to further any arrest. That is not the situation in this case.
In this ease, Officer Debra Howell testified that she had approached the appellant twice about his leaning against a building in a housing project in Calhoun County. The second time she approached the appellant he started cursing at her and she told him that she would arrest him for disorderly conduct if he did not leave. He refused to leave and continued to curse at her. Officer Howell then called for back-up. She told the appellant he was under arrest for criminal trespass, grabbed the appellant with her left hand, and retrieved her handcuffs with her other hand. The appellant then jerked away and she fell to the ground. Officer Howell stated that the appellant then beat her about the face and kicked her in the groin.
In determining whether an individual is in custody the court must consider the “totality of the circumstances.” Bradley v. State, 494 So.2d 750, 758 (Ala.Cr.App.1985), aff'd, 494 So.2d 772 (Ala.1986), cert. denied, 480 U.S. 923, 107 S.Ct. 1385, 94 L.Ed.2d 699 (1987). Woods v. State, 641 So.2d 316, 320 (Ala.Cr.App.1993).
“ ‘The United States Supreme Court in California v. Beheler, 463 U.S. 1121, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983) articulated “the standard by which ‘custody' is to be judged.” Davis [v. Allsbrooks, 778 F.2d 168, 171 (4th Cir.1985) ]. In its opinion, the Supreme Court stated that “although the circumstances of each case must certainly influence a determination of whether a suspect is ‘in custody' for purposes of receiving Miranda protection, the ultimate inquiry is simply whether there is a ‘formal arrest or restraint on freedom of movement’ of the degree associated with a formal arrest.” California v. Beheler, supra, 463 U.S. at 1125, 103 S.Ct. at 3519-20 (quoting [Oregon v.] Mathiason, supra, 429 U.S. [492] at 495, 97 S.Ct. [711] at 714 [50 L.Ed.2d 714 (1977) ]). See also Primm [v. State, 473 So.2d 1149, 1158 (Ala.Cr.App.), cert. denied, 473 SO.2d 1149 (Ala.1985)].
“‘A determination of “custody” is not based on “the subjective evaluation of the situation by the defendant or the police officers.” Davis, supra at 171. Where there has not been a formal arrest (as here), an objective test is used to determine whether the suspect’s freedom of action has been restricted by the police in any significant manner. Davis, supra at 171; [United States v.] Miller, [587 F.Supp. 1296, 1299 (W.D.Pa.1984) ]; Warrick [v. State, 460 So.2d 320, 322 (Ala.Cr.App.1984) ]; Hall [v. State, 399 So.2d 348, 351 (Ala.Cr.App.1981) ]. “The only relevant inquiry is how a reasonable man in the suspect’s position would have understood his position.” United States v. Jonas, 786 F.2d 1019, 1022 (11th Cir.1986) (quoting Berkemer v. McCarty, 468 U.S. 420, [441], 104 S.Ct. 3138, 3152, 82 L.Ed.2d 317 (1984)).’ ”
Woods, 641 So.2d at 320.
The evidence shows that the appellant was in “custody” as that term is defined in the statute making escape in the third degree an *776 offense. § 13A-10-33, Code of Alabama 1975.